ELIJAH H. MARLIN, plaintiff in error, vs. W. H. KIRKSEY and others, defendants in error.

When partners have a settlement and division of the firm effects, and subdivide a debt due the concern, making one part payable to one of the members, and the other to the other, the debtor is liable under process of garnishment, to the individual creditors of one of the partners, to the extent of his indebtedness to that partner.

In Equity, from Randolph. Decision by Judge KIDDOO, at chambers, 19th June, 1857.

Elijah H. Marlin filed his bill against West H. Kirksey, Henry L. Taylor, James L. Pollard, John W. Bregan and Jesse B. Key.

Complainant alleges, that in 1852, he and West H. Kirksey were partners in the tanning businees, and in August of that year they bought out the tan yard and shoe shop of Bronson & Jordan, for which they paid $1,250, and afterwards bought out their stock for the sum of $500. They continued in partnership till December, 1854, when they sold out to Henry L. Taylor, James L. Pollard and John W. Bregan, members composing the firm of H. L. Taylor & Co., for the sum of $4400. After said sale to Taylor & Co., and before they had paid any part of the purchase money, or even given their notes for the same, Jesse B. Key issued summons of garnishment, and had the same served on said Taylor, Pollard and Bregan, in a case pending against said Kirksey. Taylor & Co., thereupon refused to pay or to give their notes to Marlin & Kirksey for the purchase money of said tan yard and shoe shop, unless they were allowed to retain in their hands the sum of $730, to meet said garnishments.

The bill further alleges that about the 12th April, 1855, Marlin & Kirksey had a settlement with Taylor & Co., who paid, or settled with them for all the purchase money aforesaid, to-wit: $4400, less the sum of $734, which they retained to meet their liability on the garnishment, aforesaid,

and that said amount thus retained in the hands of Taylor & Co., is assets belonging to the firm of Marlin & Kirksey, and not the individual property of Kirksey; that upon said settlement with Taylor & Co. Kirksey received the notes of Taylor & Co., to the amount of about $1460, which were to be held and collected by Isaac E. Bowen, Esq., for the purpose of paying the outstanding debts of the firm of Marlin & Kirksey, but which notes Kirksey traded off, and applied the proceeds to the payment of his own debts; that there are still outstanding claims against Marlin & Kirksey, amounting to $2148, unpaid; and that Kirksey is indebted to complainant, Marlin, $3000, for advances made by him for, and on account of said firm, over and above the amount advanced by Kirksey, and making in all, about $4100, which Kirksey will be owing complainant in the event of his paying all said outstanding debts. Kirksey is insolvent; that there are many judgments against him, and he has no visible property; and complainant submits that said sum of $734, retained in the hands of Taylor & Co. should be applied to the payment of the debts due by the firm of Marlin & Kirksey; prays that Key be enjoined from receiving, and Taylor & Co. enjoined from paying out said sum until the further order of this Court, &c.

The bill was sanctioned and the injunction granted.

Defendants, Taylor & Co. and Key, put in their joint answer, and admit, substantially, all the allegations of the bill, in relation to the purchase of the partnership property by Taylor & Co., from Martin & Kirksey, the amount to be paid, and the garnishment issued by Key. Taylor & Co. admit that about the time stated in the bill, they did have a settlement with Marlin & Kirksey, but that in said settlement there was a division of the amount due by them, between Marlin & Kirksey, and that they paid, in money and notes, one-half of said sum to complainant, and of the other half they retained

the sum of about $734, to meet their liability on the garnishment issued in the case against Kirksey, and the balance, amounting to about $1400, they paid to Kirksey, in notes; and in the event that they were not made liable on the garnishment, then the sum retained was also to be paid to Kirksey. They know nothing of the accounts, or business, or indebtedness of the firm of Marlin & Kirksey; and that upon an issue joined upon their answer, as garnishees, the jury found against them in favor of Key, survivor, for the sum of $734.

Kirksey answers and admits the facts stated as to the partnership between himself & Marlin, the complainant, and their sale to Taylor & Co., but avers that the business and affairs of their firm were managed by Marlin, who kept the books, received and paid out the money, and made the purchases and sales; that at the time stated in the bill they had a settlement with Taylor & Co., for the sum due by them for the purchase money of their tan yard, &c.; and by consent of complainant, it was agreed that the sum due by Taylor & Co. should be divided between them; one-half to be paid to complainant and the other half to him, Kirksey; and that in pursuance of this agreement, Taylor & Co. did pay to, and settle with complainant, for one-half the sum due by them, as follows: they paid him one-third cash, and gave two notes for the balance, payable in one and two years; said notes amounting to about $1,400; and in their settlement with him, Kirksey, they took credit, for the $734, held up under garnishment, and gave him their notes for the balance; that these notes were his own, and he denies that he received them with any understanding that they were to be put in Mr. Bowen's hands, and when collected, to be applied to the firm debts; that complainant, who was familiar and well acquainted with the liability, resources and means of their firm, admitted that there were funds and assets sufficient to pay all its debts in his hands, and that the amount due from Taylor & Co. could be settled and divided between them.

He denies the statements of the bill, as to the liabilities and indebtedness of said firm, and calls for an account of the same; and admits his insolvency, &c.

Complainant amended his bill, setting out the transactions of the firm, his receipts and disbursements; and further charges that Isaac E. Bowen was the mutual agent of himself and Kirksey to collect the two notes given by Taylor & Co. for $734, each, and to apply the proceeds to the debts of the firm, but he has in collusion with Kirksey failed and refused so to do:

Upon the coming in of the answer, a motion was made to dissolve the injunction, which, after argument, the Chancellor granted and dissolved the same, and thereupon, Marlin, by his counsel, excepted:

1st. Because the equity of said bill was not sworn off by the answers.

2d. Because the injunction should not have been dissolved before the filing of the answer of Isaac E. Bowen, to the original and amended bill.

3rd. Because the bill and answers present such a case as should be passed upon by a jury.

Perkins and Barry, for plaintiffs in error.

Hood & Robinson, for defendant in error.

*By the Court.*—Lumpkin, J. delivering the opinion.

Was the Court right in dissolving the injunction? That depends upon the fact of whether or not a settlement was made between Marlin and Kirksey, of their partnership matters; and that, upon that settlement, a portion of the debt owing by Taylor & Co., and which has been appropriated under the garnishment, became the individual property of Kirksey. If it did, of course, it was subject to the individual

debts of Kirksey, or, in other words, liable to Key's garnishment.

Well, the defendants, with one consent, swear to this settlement and division between Marlin and Kirksey, and the severance of the Taylor debt. And their answers in this respect, are strictly responsive to the bill.

This being so, the Court was right in allowing the money impounded by the injunction, to be whithheld no longer from the garnishment.

Judgment affirmed.